# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD B. COLLINS, | CASE NO. 1:04-CV-5304-REC-SMS-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| DIRECTOR OF C.D.C., et al., | |
| Defendants. | (Doc. 24) |

I.  Findings and Recommendations Following Screening of Second Amended Complaint

  A.  Screening Requirement

Plaintiff Ronald B. Collins ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 17, 2004. On August 6, 2004, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on August 23, 2004. On February 4, 2005, the court dismissed plaintiff's amended complaint for failure to state any claims upon which relief may be granted and provided plaintiff with one final opportunity to file a second amended complaint. On April 25, 2005, plaintiff filed a second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.      Summary of Plaintiff's Second Amended Complaint

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff was incarcerated at the time. Plaintiff names Warden A. K. Scribner, Lieutenant S. A. Jones, Captian M. Botello, and Plant Operations Manager Doe as defendants. Plaintiff is seeking money damages.

Plaintiff's claim against defendants stems from an incident in which he slipped and fell in a puddle of standing water caused by roof that had leaked for three years. Plaintiff alleges that the accident left him permanently disabled, and that defendants knew the roof leaked.

C.      Eighth Amendment Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of

confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Plaintiff's allegations are insufficient to give rise to a claim for relief under section 1983 for violation of the Eighth Amendment. The allegation that the roofed leaked is insufficient to demonstrate a condition so extreme that it rose to the level of an Eighth Amendment violation. Further, plaintiff has not alleged any facts that would support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] . . . safety." Farmer v. Brennan, 511

///

U.S. at 837. To the extent that defendants were negligent, negligence is insufficient to state a claim under section 1983.

D.    Conclusion

The court finds that plaintiff's second amended complaint does not contain a claim upon which relief may be granted under section 1983. Plaintiff was provided with two opportunities to amend his complaint, but was unable to do so. Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    November 3, 2005**                     /s/ Sandra M. Snyder
icido3                                             UNITED STATES MAGISTRATE JUDGE